This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Karen Rae Vinez appeals from a conviction for theft by deception in the Summit County Court of Common Pleas. We affirm.
Vinez was indicted by the Summit County Grand Jury on one count of theft in violation of R.C. 2913.02(A)(3), a felony of the fifth degree. The indictment alleged that from January 1997 to November 1997, Vinez had used deception to procure benefits from the Akron Metropolitan Housing Authority ("AMHA") totaling $2,455. Vinez pleaded not guilty to the charge. A bench trial was held and Vinez was found guilty. Vinez was sentenced to one year of community control.
Vinez timely appeals, asserting two assignments of error:
THE TRIAL COURT'S VERDICT FINDING APPELLANT GUILTY OF THEFT BY DECEPTION WAS ERROR IN THAT THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH GUILT BEYOND A REASONABLE DOUBT.
THE TRIAL COURT'S VERDICT FINDING APPELLANT GUILTY OF THEFT BY DECEPTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, BEING UNSUPPORTED BY SUBSTANTIAL CREDIBLE EVIDENCE.
Addressing Vinez's assignments of error in reverse order, we first examine whether her conviction was against the manifest weight of the evidence. The Supreme Court of Ohio has explained the standard to be applied in manifest weight cases:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. This examination of the record is not concerned with the mere amount of evidence; rather,
 [w]eight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."
(Emphasis sic.) Id., quoting Black's Law Dictionary (6 Ed. 1990) 1594.
In the instant case, Vinez was convicted under R.C.2913.02(A)(3), which provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [b]y deception." Thorough examination of the record reveals the following pertinent facts. Prior to 1997, Vinez had been living for several years in housing subsidized in part by the AMHA. The arrangement permitted qualifying individuals to reside in housing at reduced rates; Vinez, for example, paid a monthly rent of $48, with the remaining portion of Vinez's rent paid directly to the landlord by the AMHA. As part of this arrangement, an individual seeking assistance had to demonstrate that he or she met certain requirements, with the amount subsidized dependant upon factors such as the income of the individual seeking assistance and the number of individuals living with that person. Exhibits introduced into evidence at trial consisted of worksheets signed by Vinez that stated her purported income, the number of individuals in her household, and the resulting amount of aid that she would receive based upon the figures she had supplied. An Applicant/Tenant Certification sheet also signed by Vinez and introduced into evidence indicated that a notification period of ten days existed in which she was to report in writing any changes regarding income or who resided at her residence. Vinez had periodically signed these and other documents containing the same disclosures of rules and obligations during routine reviews of her qualifications for receiving aid.
Allegations arose that Vinez had violated the agreement by permitting another individual to reside with her without properly disclosing the fact to the AMHA. An investigation into the matter led the AMHA to conclude that an adult male had resided with Vinez during the periods of January 1, 1997, through April 30, 1997, and June 1, 1997, through October 31, 1997.[1] The AMHA had paid a per month subsidy toward Vinez's rent for those periods of $275 and $271, respectively, for a cumulative total of $2,455 in assistance. Further testimony indicated that, had Vinez reported her altered arrangement as required, and given the increased income attributed to her companion, she would have not been eligible for any financial assistance toward her rent.
At oral argument, counsel for Vinez conceded that the only issue herein is whether the evidence supported the finding that the adult male had indeed lived with Vinez. We find ample evidence supporting the trial court's conclusion. Although the adult male with whom Vinez was accused of residing testified that he had a key to Vinez's house and garage, he denied that he had ever lived at the premises in question and stated that he had never received mail at that address. Such testimony was subject to consideration in light of an admitted romantic relationship with Vinez. In reviewing a witness' testimony on appeal, we are mindful that assessments of credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Further, an investigator for the AMHA testified as follows: (1) he had observed the adult male's vehicle at Vinez's residence on a consistent basis, often daily, at varied times of the day; (2) he had learned through an address information request to the postmaster that the adult male had been receiving mail at Vinez's address; (3) he had visited the residence in November 1997, and had found both Vinez and the adult male present, both of whom appeared to have been sleeping on makeshift beds on separate couches; (4) he had questioned Vinez concerning whether the adult male was living at the premises from January 1997 onward and "[s]he said that he had been staying there, but she would not say that he lived there because she knew what would happen if Section 8 [of the AMHA] found out about it"; and (5) he had been told by Vinez's companion that they had been living together from January until April and from June until the investigator's visit. The AMHA's records indicate that at no time did Vinez report that there were any members of her household other than herself. Nor did she ever report any additional income attributable to the adult male who was found to reside with her. Given such evidence, the judgment of the trial court was not against the manifest weight of the evidence and Vinez's second assignment of error is overruled.
In her first assignment of error, Vinez challenges the sufficiency of the evidence supporting her conviction. This Court has previously held that "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported. Having found that Vinez's conviction was not against the manifest weight of the evidence, we also accordingly hold that there was sufficient evidence to allow the finder of fact to conclude that each material element of R.C.2913.02(A)(3) had been satisfied.[2]
Vinez's assignments of error are not well taken. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
BAIRD, P. J.
SLABY, J.
CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)
[1] The adult male testified that there had been a period of separation in his relationship with Vinez; this separation period coincides with the break between periods for which Vinez was charged with theft.
[2] Vinez argues in connection with her first assignment of error that the rules regarding the reporting requirements at issue were so ambiguous that she "could not reasonably or rationally been found to have intentionally violated, for purposes of criminal prosecution under R.C. 2913.02(A)(3), such a vague, verbose obligation." However, as the Fourth District has correctly stated, "[i]t is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal." (Citation omitted.) State v. King
(June 30, 1997), Washington App. No. 96 CA 39, unreported ("Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process."). Therefore, because this argument was not raised below, we accordingly hold it waived on appeal. Further, as noted, counsel for Vinez conceded at oral argument that the only issue before this Court is whether the evidence supported the finding that the adult male had lived with Vinez.